### AMERICAN STEEL FOUNDRIES v. INDIAN REFINING CO.

(Circuit Court of Appeals, Seventh Circuit.   April 26, 1921.   Rehearing Denied August 19, 1921.)

No. 2854.

Evidence ⊙═450(8)—Sales ⊙═71(4)—Sales contract held unambiguous, and not subject to extraneous evidence, and to permit call for shipment of 15,-000,000 of oil, but not more than 1,000,000 gallons per month; "requirements contract."

An oil sales contract, whereby seller was to furnish and buyer to purchase during a stated period of 15 months oil at agreed prices, "Maximum of 15,000,000 gallons.   Minimum to be actual requirements"—shipments to be made in "fairly equal monthly quantities" on specifications furnished by buyer before 20th day of month preceding month for shipment, each shipment to be deemed a separate and independent contract, *held* unambiguous, and not subject to explanation by admission of extraneous matters, such as omitted paragraphs, and constituted a sale of a maximum of 15,000,000 gallons of oil, with monthly maximum of 1,000,000 gallons, and was not a "requirements contract," so that the buyer could not request delivery of 5,000,000 in 10 months, and then demand the balance of the 15,000,000 within the remainder of the period.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Indian Refining Company against the American Steel Foundries.   Judgment for plaintiff, and defendant brings error.   Affirmed.

The parties will be designated as they appeared in the court below. Plaintiff, Indian Refining Company, brought this action to recover an alleged balance due for fuel oil shipped pursuant to a written agreement, the material portions of which are as follows:

Memorandum of Sales Contract.

Indian Refining Company, hereinafter called "seller," agrees to sell, and American Steel Foundries, of Chicago, Illinois, hereinafter called "buyer," agrees to purchase during the period from January 1, 1915, to March 31, 1916, the following petroleum products at the following prices:

| Requirements or Quantity. | Grades. | | | Price. | | |
|---|---|---|---|---|---|---|
| Maximum of 15,000,000 gallons | * | * | * | * | * | * |
| Minimum:   To be actual requirements at East St. | * | * | * | * | * | * |
| Louis, Ill.—Granite City, Ill.—Indiana Harbor, | | | | | | |
| Ind.—Hammond, Ind.—Alliance, Ohio,—Sharon, | | | | | | |
| Pa.—Franklin, Pa., Plants. | * | * | * | * | * | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Shipments:   Shipments are to be made in fairly equal monthly quantities upon specifications furnished by the buyer before the 20th day of the month preceding the month in which such shipments are to be made.   Shipment within five days before or after the date specified will be deemed compliance herewith.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Each shipment shall be deemed to be a separate and independent contract, but if buyer fails to fulfill the terms of this contract, or of any other contract of buyer with seller, or if buyer's financial responsibility shall become impaired in the judgment of the seller, seller may, without prejudice to other lawful

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

remedy, defer shipments until payment be made or terms of contract be complied with, or may demand cash payments, or may cancel this contract.

\* \* \* \* \* \* \* \* \* \*

The proposed contract as originally submitted contained two paragraphs which were stricken from it. The two paragraphs read:

"If buyer fails in any one month to take his monthly proportion of the above stated requirements or quantity, buyer cannot thereafter, without the written consent of seller, take the balance of the proportion for that month, but may be required by seller to take such balance. For the purposes of this contract, the failure of the buyer to furnish specifications for at least the minimum requirements or quantity deliverable hereunder monthly, shall excuse tender of performance hereunder on the part of the seller.

"Buyer agrees to receive shipments and unload same with reasonable promptness, and return empty tank cars as per instructions from seller, 48 hours being deemed reasonable time for receiving, unloading and releasing tank cars. Buyer agrees to pay seller $1 per day rental for time tank cars are held over 48 hours after delivery to buyer."

Shipments were made pursuant to the purchaser's orders for the first 10 months: that is to say, defendant asserted a requirement of 5,334,783 gallons of fuel oil for this period, and such amount plaintiff shipped. Such controversy as exists arises out of plaintiff's alleged failure to deliver defendant's asserted requirements for the next 5 months which were 7,161,899 gallons. During this period, defendant furnished 5,162,799 gallons.

Although there was a marked increase in defendant's requirements in the 15 months' period, during which time the market price for this oil rose rapidly and exceeded the contract price, there is no claim of "padding" presented by the record. In other words, it is conceded that the requisitions were the actual bona fide requirements of defendant. Plaintiff recovered judgment for the sum withheld by defendant because of the alleged failure to deliver the oil demanded.

Max Pam, of Chicago, Ill., for plaintiff in error.

Charles Y. Freeman, of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). The parties differ as to the proper construction to be given to their contract. Defendant contends that it was obligated to purchase all of its requirements from the plaintiff, and plaintiff was obligated to sell all of defendant's requirements up to a maximum of 15,000,000 gallons in fifteen months; that if it did not order 1,000,000 gallons in any one or more months, it could, if its requirements permitted, increase its demand for any other month. Plaintiff contends that it was not compelled to ship more than 1,000,000 gallons in any one month.

Was this a requirements or a quantity contract? Defendant urges that the fair construction of the entire contract impels us to hold that it was a requirements contract, and further, if any uncertainty exists, it is removed when we read the two paragraphs above quoted which were stricken from the contract before it was executed. When these omitted paragraphs were offered in evidence, Judge Page said:

"It seems to me that the language of this contract is perfectly plain and easily understood, and for this reason I am not permitting extraneous and outside matters to be introduced."

We agree that the contract is clear and unambiguous, and needs no evidence to remove asserted ambiguities. Further, we cannot agree with counsel that the two paragraphs stricken from the original con-

tract would tend to clarify it. The evidence was therefore properly excluded. Brawley v. United States, 96 U. S. 168, 173, 24 L. Ed. 622; 6 Ruling Case Law, p. 839.

The contract contains a maximum and a minimum provision. The minimum is stated as "the actual requirements" of defendant. It is evident therefrom that the contract is not, as defendant urges, a "requirements contract." For it must have been contemplated that there was a difference between the minimum and the maximum, and if the minimum was represented by defendant's requirements, it cannot be said that the parties were contracting to furnish defendant's actual requirements. Rather would it be logical to assume that the parties were contracting to purchase and sell a quantity of oil, the maximum amount being 15,000,000 gallons, and the minimum to be defendant's requirements, not, of course, exceeding 15,000,000 gallons. This conclusion might be entirely consistent with defendant's claim (if not with its theory) but for the two other quoted paragraphs of the contract, which we are not at liberty to ignore. When the parties provided for shipments to be made in "fairly equal monthly quantities," the maximum and minimum provision must be read in the light thereof and in connection therewith.

Is a court justified in saying that a contract which contained a clause for shipment in "fairly equal monthly quantities" permits of a construction that allows defendant to demand 254,633 gallons in one month and 1,632,236 gallons in another month? Or for four successive months the defendant may call for a total of 1,280,000 gallons, and for four other successive months 5,970,000 gallons? To justify this conclusion we would be compelled to totally ignore the "fairly equal monthly shipments" provision of the contract.

But another reason may be found to support plaintiff's position. The provision making each shipment a separate and independent contract cannot be ignored. Read in the light of the further clause calling for shipments to follow shortly after plaintiff's receipt of a statement of defendant's monthly requirements, we conclude the separate shipment which is there referred to as a separate and independent contract is a monthly shipment. Further reason, therefore, exists for stressing the effect of a "fairly equal monthly quantities" provision, where the parties have specifically provided that each such monthly shipment is "a separate and independent contract."

The maximum amount which plaintiff was obligated to deliver was 15,000,000 gallons. The period of delivery was 15 months. Deliveries were to be made in "fairly equal monthly quantities." The conclusion that the parties intended that the monthly maximum should be 1,000,000 gallons is unavoidable.

The judgment is affirmed.